**LEIPHART LINCOLN-MERCURY, INC., Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 34149.   Decided September 30, 1957.

Howard W. Boggs, Toledo, for appellant.

William Saxbe, Atty. Genl., By John M. Tobin, Asst. Atty. Genl., for appellee.

## OPINION

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of April 18, 1957, by the appellant above named from a final order of the Tax Commissioner dated March 20, 1957, in and by which final order said official, in effect, dismissed appellant's petition for reassessment of a sales tax assessment in the amount of $5,738.50, including penalty, for the audit period January 1, 1956 to June 30, 1956.

The petition for reassessment was dismissed by the Tax Commissioner for the stated reason that said petition for reassessment was not filed with the Tax Commissioner within the time prescribed by §5739.13 R. C.

The cause was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript supplied by the Tax Commissioner, the testimony and evidence presented to this Board's examiner in Toledo, Ohio, on August 8, 1957, and the briefs supplied by counsel.

The facts are not in dispute and may be summarized as follows:

On February 5, 1957, the Tax Commissioner issued a sales tax assessment against the appellant, Leiphart Lincoln-Mercury, Inc. (Appellant's Exhibit No. 1).

On February 6, 1957, this assessment was received by the appellant and signed for by a Mr. Ray Kay, the General Manager of the appellant corporation who customarily signed for registered mail received by the appellant.

On March 4, 1957, Robert N. Bare, appellant's office manager, directed

a letter to the Division of Sales and Highway Use Taxes, wherein was set up Mr. Bare's idea as to the proper sales tax deficiency due the state from the appellant for the subject audit period. This proposed deficiency amounted to $726.64 and appellant's check for said amount was attached to the letter. This letter, however, did not conform to the requirements for a petition for reassessment as set out in §5739.13 R. C., and was not filed and docketed by the Tax Commissioner as such.

On March 6, 1957, the Division of Sales and Highway Use Taxes directed the following letter to the appellant, attention Robert N. Bare, in answer to Mr. Bare's letter dated March 4, 1957:

This will acknowledge receipt of your letter along with your Check No. 5977 in the amount of $726.64.

We have applied this amount to your Assessment No. F 645, which leaves a balance of $5,011.86. If this balance is not paid within thirty days from receipt of the assessment by you, it will be placed in Judgment and certified to the Attorney General for collection.

We are enclosing herewith a Petition for Reassessment, which you may complete, notarize and return to us before the expiration of the thirty-day period from your receipt date of the assessment.

Hoping this information is satisfactory, we are

Very truly yours.

On March 16, 1957, thirty-eight days after receipt by the appellant of the assessment, the appellant filed a petition for reassessment with the Tax Commissioner (Appellant's Exhibit No. 4).

On March 20, 1957, the Tax Commissioner issued the final order herein complained of.

On April 18, 1957, the appellant filed a notice of appeal to the Board of Tax Appeals from the final order of the Tax Commissioner dated March 20, 1957.

From the above statement of facts, when read in connection with the provisions of §5739.13 R. C., it is apparent that the original assessment order of the Tax Commissioner dated February 5, 1957 (Appellant's Exhibit No. 1), received by appellant on February 6, 1957, became conclusive as to the appellant on March 9, 1957, since no petition for reassessment was filed with the Tax Commissioner by the appellant prior to March 9, 1957.

The pertinent provision of §5739.13 R. C., reads as follows:

"* * *. Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof, either personally or by registered mail a petition in writing, verified under oath by said vendor, consumer, or his authorized agent, having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reasons for such objections, said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state. * * *."

In commenting on this portion of the statute, Judge Matthias in the case of **Daiquiri Club, Inc., d. b. a. Playhouse Restaurant v. Peck, Tax Commr., 159 Oh St** at page 52, 50 O. O. 26, has this to say at page 55:

"The above-quoted portion of §5546-9a GC (now §5739.13 R. C.),

by its clear terms relates only to matters of procedure. Following the statement of the requirement as to giving notice of the assessment is the specific statement of what must be done by the vendor if he would avoid the conclusiveness of that assessment. That portion of the section relates only to the procedure which may be pursued by the vendor. He must within thirty days after service of notice of that assessment file a petition setting forth the items of the assesssment objected to, together with the reason for his objection. If the vendor does not pursue the remedy thus proffered him, the assessment is conclusive. * * *."

From the above it is obvious that the vendor appellant, Leiphart Lincoln-Mercury, Inc., has failed to avail itself of the remedy given by statute to avoid the conclusiveness of the assessment dated February 5, 1957. It is also obvious that the Tax Commissioner had no alternative but to dismiss the purported petition for reassessment which was filed with him subsequent to the thirty-day limitation set out in the statute.

The Board of Tax Appeals, therefore, finds that the final order of the Tax Commissioner was in all respects correct and proper and legal, and said Board hereby affirms the final order of the Tax Commissioner.